Affirmed and Memorandum Opinion filed June 30, 2005









Affirmed and Memorandum Opinion filed June 30, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00487-CR

____________

 

JAMES
BRUCE SOLSAA, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________________________

 

On Appeal from the County Court at Law Number One

Fort Bend County, Texas

Trial Court Cause No. 107553

_____________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant,
James Bruce Solsaa, appeals his conviction for driving while intoxicated (ADWI@),
asserting the trial court erred by:  (1)
allowing testimony from the State=s expert
on appellant=s breath alcohol content while
driving, (2) allowing allegedly improper closing argument from the State, and
(3) giving the jury an allegedly improper definition of the laws concerning
DWI.  We affirm the trial court=s judgment.

I.  Factual and
Procedural Background








While on
patrol, Officer George Rivera of the Sugar Land Police Department observed a
vehicle traveling on Interstate Highway 59 without a license plate light.  At 11:43 p.m. on September 28, 2003, Officer
Rivera stopped the vehicle, making contact with appellant.  Detecting an odor of alcohol and noticing a
glazed, glassy look to appellant=s eyes,
Officer Rivera asked appellant to step out of his car.  Officer Rivera then performed standardized
field sobriety tests on appellant.  At
12:03 a.m., September 29, Officer Rivera arrested appellant for DWI.  Officer Rivera took appellant to the Fort
Bend Country Jail, and Deputy Jeremy Goodrich gave appellant a certified breath
alcohol content test at 12:30 a.m. and 12:32 a.m., registering 0.142 and 0.129,
respectively.  

Appellant
was charged by information with misdemeanor DWI.  He pleaded not guilty. 

During
the trial, the State called Alva Barbosa, the technical supervisor for the
Intoxilyzer 5000, to testify.  In
redirect examination, the State began to ask Barbosa to assume that a person
had not eaten from 11:45 p.m. until 12:30 a.m. and did not have any
alcohol.  Before the State finished its
question, appellant=s trial
counsel objected, stating that this question was irrelevant because there had
been no testimony regarding extrapolation facts as to appellant, for example,
whether and when appellant had eaten and what alcohol he had consumed and
when.  At a bench conference, the trial
court sustained this objection. 








At this
same bench conference, the State asked the court if it could ask Barbosa
whether, based on her training and experience as an expert, she could give an
opinion as to whether an individual who blew a 0.142 alcohol concentration at 12:30
a.m. and was driving a motor vehicle on a highway 45 minutes earlier would have
had a breath alcohol concentration of 0.08 or more 45 minutes earlier.  Appellant=s counsel
stated that this question already had been asked and answered and that Barbosa
needed more facts to give such an opinion. 
The trial court stated at the bench conference that it would allow the
State to ask such a question. 
Immediately following this bench conference, the State asked Barbosa whether
she could give such an opinion.  Barbosa
said, Ayes.@  The State passed the witness.  On further cross-examination, appellant=s counsel
then confirmed that Barbosa=s
response meant only that she could give such an opinion, without indicating
what her opinion was.  On further
examination, the State asked Barbosa, not whether she could give an opinion, but
what her opinion was in this regard and what the basis was for this
opinion.  Appellant=s counsel
did not object to these two questions. 
Barbosa replied that a person whose breath alcohol level was 0.142 when
tested would have had a breath alcohol level above 0.08 forty-five minutes
earlier, and she stated various bases for her opinion.  Appellant=s counsel
then further cross-examined Barbosa regarding this opinion.

The jury
convicted appellant of the offense charged. 


II.  Issues and
Analysis

In his
first issue, appellant asserts that the trial court erred in allowing Barbosa
to testify as to her opinion of appellant=s breath
alcohol content at the time of driving. 
However, at trial, appellant objected only to the question of whether
Ms. Barbosa could render an opinion on this issue.  Appellant did not object at trial to the
State=s
question or to Barbosa=s answer
as to what her opinion was in this regard. 
Therefore, appellant has not preserved error.  See Tex.
R. App. P. 33.1.; Trevino v. State, 991 S.W.2d 849,
855B56 (Tex. Crim. App. 1999).  Accordingly, we overrule appellant=s first
issue.








In his
second issue, appellant contends that the trial court erred in allowing
allegedly improper closing argument from the State.  The State, in closing argument, told the jury
that if they found appellant=s breath
alcohol content was 0.142 forty-five minutes after he was driving, the jury
could find him guilty on that basis alone. 
The State=s
interpretation of the law would not require that the jury find appellant=s breath
alcohol content was 0.08 or greater while he was driving.  Appellant objected to the State=s
argument, and the trial court sustained this objection.  To complain of an erroneous jury argument on
appeal, appellant must show not only that he objected, but also that he carried
his objection to an adverse ruling.  Mathis
v. State, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002).  Appellant did not ask for a curative
instruction or a mistrial; he was granted all the relief he requested.  Therefore, he cannot request greater relief
on appeal.  See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App.
1996).  Accordingly, we overrule
appellant=s second issue.

In his
third issue, appellant contends that the jury was given an improper definition
of the law concerning DWI.  Appellant
provides neither authority nor argument to support his contention that the jury
charge was flawed.  Therefore, we cannot
address it.  See Tex. R. App. P. 38.1(h); Balentine
v. State, 71 S.W.3d 763, 766 (Tex. Crim. App. 2002).  Even absent appellant=s failure
to brief adequately, appellant=s
contention would fail.  Appellant did not
object to the jury charge at trial. 
Without an objection to the charge in the trial court, appellant must
show that he suffered such egregious harm that he did not receive a fair and
impartial trial.  Jiminez v. State,
32 S.W.3d 233, 235 (Tex. Crim. App. 2000). 
This is a burden appellant cannot overcome on this record.  

Having
overruled all of appellant=s issues,
we affirm the trial court=s
judgment.  

 

/s/        Kem Thompson Frost

Justice

 

Judgment
rendered and Memorandum Opinion filed June 30, 2005.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do Not
Publish C Tex. R. App. P. 47.2(b).